The demand for alimony pendente lite is therefore not before us.

For the reasons assigned, it is ordered that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment herein in favor of plaintiff, Mrs. Mordest Hattier Martinez, and against defendant, John F. Martinez, Jr., decreeing a separation "a mensa et thoro."

It is further ordered that the permanent care, custody and control of her minor child, Caroline Anne Martinez, be and is hereby granted to plaintiff, Mrs. Mordest Hattier Martinez, and that defendant, John F. Martinez, Jr., pay all costs of this suit.

## SWART v. LISBON IBERIA OIL CORPORATION.

### No. 2136.

Court of Appeal of Louisiana. First Circuit.

June 28, 1940.

Sanders & Miller, of Baton Rouge, for appellant.

J. E. Huckabay and Claude E. Fernandez, both of Baton Rouge, for appellee.

LeBLANC, Judge.

In his petition, the plaintiff who is a duly licensed and registered civil engineer, alleges that he was employed by oral contract, on or about May 18, 1939, by the defendant oil corporation to do certain engineering work in East Baton Rouge Parish, in connection with and for the construction of a pipe line and storage tank. He avers that pursuant to the said contract he did the work called for thereunder and that said pipe line has been completed. That on July 30, 1939, he rendered his bill for expenses and services in the sum of $1,200, a copy of which he annexes to his petition. He alleges further that before beginning the work to be done under the said contract he informed defendant's representative that his charges would be, as they are, the usual per diem and expenses and that no objection was then made nor was any made during the performance of the services rendered by him. He avers amicable demand without avail.

The statement annexed to plaintiff's petition contains the following items: Personal services, 28 days @ $25.00— $700; S. P. Higginbotham, Engineer, 2 days @ $25.00—$50.00; Field crew, 12 days @ $25.00—$300; Automobile transportation —$75; and office work, maps and blue prints—$75, the whole amounting to $1,200.

Plaintiff, as set out in his petition, had had a lien recorded against the pipe line

for which he paid notarial and recording fees amounting to $6.50, which sum, added to the amount of his bill, makes the total of $1,206.50, the amount sued for.

The defendant in its answer admits that it employed the plaintiff on or about May 18, 1939, to survey a route which could be utilized in the construction of a pipe line and storage tank in East Baton Rouge Parish, but avers that no price, fee or sum was discussed or agreed upon for his services. The gist of defendant's answer is that plaintiff was employed as a surveyor and the services rendered by him were those only of such character and that he performed no services in connection with the construction of the pipe line. Defendant avers that it has not paid the bill rendered by plaintiff because the same is exorbitant and excessive and that a fair and equitable price or fee for the services performed by him would be the sum of $300 which it is and has been ready and willing to pay but which he refuses to accept.

The district judge after trial of the case rendered judgment in favor of plaintiff as prayed for and defendant has appealed.

█ The trial judge, over the strenuous objection of counsel for defendant, permitted plaintiff to testify and offer proof concerning another right of way and route for the pipe line than that set out and described in his petition and also testimony in connection with his contacting and interviewing property owners from whom rights of way had to be obtained over both routes. The objection is again urged before us, the ground on which it is based being that plaintiff is limited to the introduction of evidence concerning the route as described in his pleadings and moreover, that much of the proof tendered had no relation to the type of surveying and engineering work which plaintiff had been employed to perform.

We cannot agree with counsel's contentions and are of the opinion that the testimony was properly admitted. The fact that plaintiff had only set out in his petition the final result of his work by describing the pipe line route which was adopted by the defendant and over which the line was constructed, did not preclude him from showing all the work that he had done before and in anticipation of securing for defendant the shortest and most practicable route to suit its purpose. The map offered by him on which the first route is designated shows that the work performed by him was all of the kind and character of engineering work he had been employed to do. Besides, it is shown by his testimony and by that of Mr. H. A. Pallfelt, defendant's representative on the job, that the latter was in almost daily contact with him and presumably he was aware that plaintiff had performed services in connection with the other route, and yet defendant never seems to have protested until after the job had been completed and the bill for services rendered.

The ruling on the objection to testimony disposes of the legal question presented in the case and the only remaining issue is whether or not plaintiff has proven his claim.

Plaintiff did not keep a record of the particular days he worked on the job and for which he charged his personal services at $25 per day. He arrives at the number of twenty-eight days by stating that he worked from the middle of May to about the 10th of July with the exception of six days during which he worked for someone else. Defendant could not disprove that he had put that much time on the job although as we have already stated, Mr. Pallfelt, its representative, was in frequent contact with him while the work was going on. Mr. Higginbotham testified that he worked two days and knows that plaintiff and his field crew were on the job several days. It is not disputed that the charge of $25 per day for the services rendered by plaintiff is reasonable.

The charge of $75 for office work, maps and blue prints is supported by plaintiff's testimony and it appears to be fair and reasonable also. We are not satisfied however with regard to the charge of $75 for automobile transportation. Assuming that the use of his own car by plaintiff is a fair charge under the agreement, proof of the amount in the statement is not sufficient to support it with that degree of certainty which is required under the law. To that extent, the judgment will have to be amended by non-suiting the plaintiff on that item in his demand.

█ Plaintiff has answered the appeal asking for statutory damages of 10% for frivolous appeal. By the mere fact that the judgment is being amended to the extent of reducing his claim by $75, the demand for damages is rejected.

154

For the reasons stated it is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by reducing the amount awarded from the sum of $1,206.50 to the sum of $1,131.50, and that with regard to the difference in the amount, to-wit: the sum of $75, there be judgment against the plaintiff as in case of non-suit. All costs in the lower court are to be paid by the defendant, appellant in this court, and costs of appeal to be paid by the plaintiff, the appellee.

DORE, J., not participating.